Hon. JOHN S. TENNEY, ll. d.　}
Hon. SAMUEL WELLS,　　　　} Associate Justices.
Hon. JOSEPH HOWARD.　　　 }

---

### Huston *versus* Young.

In an action against the maker of a note, payable at a specified length of time after its date, brought by an indorsee, who obtained it for value before its apparent pay-day, and without knowledge of mistake in its date, the maker, in order to establish a defence that the action was prematurely brought, is not allowed to prove, that by mistake, the note bore a date earlier than the day upon which it was actually made.

On report from the District Court, Rice, J.

Assumpsit, by an indorsee against the maker of a note bearing date Jan'y 14, 1847, payable in two years from date with interest.

The defence was, that the suit commenced Oct. 8, 1849, was premature.

It was agreed that, if the testimony is admissible, the defendant can prove that the note was made Jan'y 14, 1848, and that the figures 1847, in the date, were inserted by mistake instead of the figures 1848.

Whether that testimony was admissible, against objection by the plaintiff, was the question submitted for decision; the defendant having agreed, that if it was not admissible, a default should be entered.

*Lowell,* for the plaintiff.

The presumption of law is, that the note was negotiated to the plaintiff at its date, and that he received it for value in the usual course of business, without knowledge of any mistake or defect in it. Against *such* an indorsee, the evidence of mistake is not admissible. Upon this point, no argument or citation of authorities can be necessary.

*Ruggles & Gould,* for the defendant.

1. The note was antedated by mistake. It had not become payable when the suit was brought.

2. The date not being of the essence of the contract, the mistake is proveable.

3. The indorsee could take no greater rights than the promisee had at the time of the indorsement.

WELLS, J. — The question presented in this case is, whether the defendant can be permitted to show, that the note in suit was antedated by mistake, and that the time of payment had not elapsed when the action was commenced.

The plaintiff presents the note in evidence duly indorsed; and the legal presumption is, that it was indorsed before it became due. *Ranger* v. *Cary,* 1 Metc. 369. The plaintiff is therefore to be considered as having taken the note before it was payable according to its terms, and there is no evidence, that he is not a *bona fide* holder and purchaser for a valuable consideration. He had no knowledge of any mistake in the date, and had a right to consider it as correctly written. He was authorized to regard the note as a true exposition of the contract between the original parties, and he cannot be pre-

judiced by any error in it, arising from their mistake of which he was ignorant. The testimony offered was inadmissible, and a default must be entered. *Defendant defaulted.*